IN THE UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br>v.<br><br>TOWER & SON EXTERMINATING, CORP.<br>WILSON JAVIER TORRES-RIVERA,<br>Defendants. | CRIMINAL NO. 19-507 (ADC)<br><br>VIOLATIONS:<br>7 U.S.C. § 136 |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

At all times material to this Indictment,

### COUNTS ONE THROUGH EIGHT

**A.    THE DEFENDANTS**

1.    Defendant TOWER & SON EXTERMINATING, CORP., was a Puerto Rico corporation with its principal place of business at Road 829, Km 6,2, Santa Olaya Ward Sector Cruze Vergara Bayamon, Puerto Rico, and within the jurisdiction of this Court. The defendant provided pest control services on the Island of Puerto Rico.

2.    Defendant WILSON JAVIER TORRES-RIVERA (TORRES) was the OWNER of defendant TOWER & SON EXTERMINATING, CORP., in Puerto Rico and within the jurisdiction of this Court. Defendant TORRES was a "certified pesticide applicator" by the Puerto Rico Health Department and the Puerto Rico Department of Agriculture, and a "commercial

applicator" under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). Title 7, United States Code, Sections 136(e)(1) and (3). Defendant TORRES at all times acted within the scope of his employment and at least in part for the benefit of the defendant TOWER & SON EXTERMINATING, CORP.

3. As a "certified pesticide applicator," defendant TORRES was authorized to purchase, use, and apply restricted-use pesticides such as Meth-O-Gas Q in accordance with their labels.

4. Defendant TORRES was not authorized to apply any methyl bromide restricted-use pesticides, including Meth-O-Gas Q, to any structures or residence for any purpose including exterminating household pests, or to make such restricted-use pesticides available to others for that use.

**B.   FEDERAL INSECTICIDE, FUNGICIDE AND RODENTICIDE ACT**

5. The manufacture, distribution, and use of pesticides was regulated by FIFRA, Title 7, United States Code, Sections 136 through 136y, and the regulations promulgated under its authority by the United States Environmental Protection Agency ("EPA").

6. Title 7, United States Code, Section 136a required any pesticide distributed or sold in the United States to be registered with the EPA. If a pesticide could, without specific restrictions as to use, cause unreasonable adverse effects on the environment, it would be classified as a restricted-use pesticide. Because of its potential hazards, a restricted-use pesticide could be distributed or used only for the specific purposes and according to the specific methods prescribed by EPA. Methyl bromide was a restricted-use pesticide and could only be used by or under the direct supervision of a certified applicator. 40 C.F.R. Section 152.175.

7. Methyl bromide was acutely toxic and could be used only as a commodity fumigant for quarantine/regulatory use. According to its labeling, methyl bromide exposure could be fatal or cause acute illness or delayed lung or nervous system injury. Methyl bromide is odorless and nonirritating to skin and eyes during exposure. Early symptoms of overexposure are dizziness, headache, nausea and vomiting. Lung edema may develop in 2 to 48 hours after exposure, accompanied by cardiac irregularities; these effects are the usual cause of death. Exposure to toxic levels of methyl bromide could occur without warning or detection.

8. Meth-O-Gas Q was registered with the EPA on or about January 3, 1972, and assigned registration number 5785-41. Meth-O-Gas Q contains 100% methyl bromide. Meth-O-Gas Q was not registered for residential use in homes or structures to kill household pests.

9. Defendant TORRES received required training in the proper use of restricted-use and other pesticides from the Puerto Rico Department of Agriculture.

10. On or about the dates listed below, each one constituting a separate count, the defendants, TOWER & SON EXTERMINATING, CORP., and WILSON JAVIER TORRES-RIVERA, in the District of Puerto Rico and within the jurisdiction of this Court, acting as a commercial applicator, did knowingly apply the restricted-use pesticide METH-O-GAS Q, containing methyl bromide, at the locations listed below, for the purpose of exterminating household pests, a use not in accordance with its registration and labeling:

| | DATE | LOCATION |
|---|---|---|
| 1. | August 19, 2014 | Cangrejos Yacht Club Carolina, Puerto Rico |
| 2 | October 1, 2014 | Car. 176 Km Camino Armando Marrero Puerto Rico |
| 3 | October 3, 2014 | Calle Estrella Del Mar Dorado, Puerto Rico |
| 4 | November 19, 2014 | Los Sueños Ciudad Jardín Gurabo, Puerto Rico |

| | | |
|---|---|---|
| 5 | December 4, 2014 | Road 829 Km 6.2, Bayamón, Puerto Rico |
| 6 | December 10, 2014 | Los Robles Las Cumbres San Juan, Puerto Rico |
| 7 | January 12, 2015 | Los Robles Las Cumbres San Juan, Puerto Rico |
| 8 | February 19, 2015 | Tejas Ward Los Velázquez Las Piedras, Puerto Rico |

All in violation of Title 7, United States Code, Sections 136j(a)(2)(G) and 136l(b)(1)(B).

A TRUE BILL

DATED: August 15, 2019

_____
GRAND JURY FOREPERSON

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney
District of Puerto Rico

By:

_____
JOSE CAPO-IRIARTE
Chief, Criminal Division
United States Attorney's Office
District of Puerto Rico

_____
HOWARD P. STEWART
Senior Litigation Counsel
Environmental Crimes Section
United States Department of Justice
Washington D.C., 20004
howard.stewart@usdoj.gov

_____
CARMEN M. MARQUEZ
Assistant United States Attorney
District of Puerto Rico
carmen.m.marquez@usdoj.gov